UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KRISTY SMITH                                    CIVIL ACTION

VERSUS                                          NO. 25-cv-2463
                                                c/w 26-cv-89

JEFFERSON PARISH, ET AL.                        SECTION: D (1)

## ORDER and REASONS[1]

Before the Court is Sheriff Lopinto's Motion to Set Aside Default, filed by Defendant Sheriff Joseph Lopinto, III.[2] Plaintiff Kristy Smith has not filed a response. After careful consideration of Defendant's memorandum and the applicable law and finding that the Motion has merit, the Motion is **GRANTED.**

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This consolidated matter arises from allegations regarding Defendants' alleged treatment of Plaintiff and Plaintiff's children, who attended schools that are part of the Jefferson Parish Public School System.[3] Plaintiff alleges that Defendants used excessive force and performed unreasonable searches and seizures of her children while they attended Cherbonnier Rillieux Elementary School.[4] Plaintiff states that the Jefferson Parish School Board and its members and employees have engaged in a four-year pattern of harassment of her and her children and have "humiliated" her children in public.[5] Plaintiff asserts claims under the Fourth Amendment, the

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the lead case of this consolidated matter, 25-cv-2463.
[2] R. Doc. 54
[3] R. Doc. 7; *see also* R. Doc. 1 in Case No. 26-cv-89.
[4] R. Doc. 7 at pp. 2-4.
[5] R. Doc. 1 in Case No. 26-cv-89.

Fourteenth Amendment's Due Process and Equal Protection Clauses, state law tort claims for battery, negligence, and intentional infliction of emotional distress, violations of the Individuals with Disabilities Education Act, retaliation under the First Amendment, and a *Monell* claim against Jefferson Parish for failure to train, failure to supervise, and for having a custom of deliberate indifference.[6]

Plaintiff filed two lawsuits related to this alleged conduct,[7] which the Court subsequently consolidated.[8] Before the cases were consolidated, Defendant Sheriff Joseph Lopinto, III, ("Defendant") was served with process in Case No. 26-89 on March 30, 2026, with his answer due on April 20, 2026.[9] Defendant did not answer the Complaint or file a motion under Fed. R. Civ. P. 12 within the requisite time period. As a result, Plaintiff moved for an entry of default on May 24, 2026,[10] and the Clerk of Court entered a default against Defendant on June 17, 2026.[11] Twelve days later, on June 29, 2026, Defendant moved to set aside that entry of default.[12]

Defendant argues that each factor of the Fifth Circuit's test as to whether a court should set aside an entry of default are satisfied in this case.[13] Defendant contends that the failure to file a responsive pleading was not willful because the lawsuits were served upon Defendant on the same day and are nearly identical:

> Because the two suits are nearly identical, Defendant did not realize that the complaint filed in this case was a separately filed action requiring its own responsive pleading, so no answer was filed.

---

[6] R. Doc. 7; *see also* R. Doc. 1 in Case No. 26-cv-89.

[7] Case No. 25-cv-2463 and Case No. 26-cv-89.

[8] R. Doc. 53.

[9] R. Doc. 21 in Case No. 26-cv-89.

[10] R. Doc. 26 in Case No. 26-cv-89.

[11] R. Doc. 26 in Case No. 26-cv-89.

[12] R. Doc. 54; R. Doc. 28 in Case No. 26-cv-89.

[13] R. Doc. 54-1.

> Defendant did file responsive pleadings in the first suit and would have done the same here had Defendant realized there were two separate actions. Defendant only became aware of this suit after receiving a notice of the entry of a default, and upon receiving the notice, Defendant acted promptly to file this motion.[14]

Defendant further states that setting aside the default will not prejudice the Plaintiff because the case is in its infancy and would "do no more than require the plaintiff to prove her case."[15] Lastly, Defendant argues that he "has multiple meritorious defenses to the claims in this litigation, including a lack of vicarious liability and qualified immunity, that Defendant should be allowed to assert.[16]

The present Motion was set for submission on July 21, 2026, and as of the date of this Order and Reasons, no response by Plaintiff has been filed.[17]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides that the Court "may set aside an entry of default for good cause." The Fifth Circuit has established a three-part test for determining whether to set aside an entry of default.[18] When determining whether to set aside an entry of default, "the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[19] These factors, however, are not exclusive, and the Court may consider other factors, such as whether the party

---

[14] *Id*. at p. 3.
[15] *Id*. at p. 4.
[16] *Id*.
[17] The record reflects that a copy of the Motion was sent to Plaintiff at her address of record as well as by email at kristysmith1123@gmail.com.
[18] *Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC*, 325 F.R.D. 570, 574 (E.D. La. 2016) (Fallon, J.).
[19] *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

against which default was entered "acted expeditiously to correct the default."[20] Generally, the Fifth Circuit has adopted "a policy in favor of resolving cases on their merits and against the use of default judgments."[21]

### III.    ANALYSIS

The first factor the Court must consider in deciding whether to set aside an entry of default is whether the failure to file a responsive pleading was willful.[22] The failure to do so is willful when it constitutes "an intentional failure to respond to litigation."[23] In this instance, the record indicates that Sheriff Lopinto was served with both lawsuits on the same day.[24] Furthermore, the Court agrees with the Defendant that the lawsuits are similar and present common question of law and fact. As a result, and in the interest of judicial efficiency and avoiding duplicative litigation, the Court consolidated the actions.[25] The Court accepts Defendant's statement that the failure to respond was likely "the product of a good-faith misunderstanding" and notes that the Defendant acted promptly to move to set aside the entry of default. The Court thus finds that the failure to respond was not willful.

Second, the Court must examine whether setting aside the entry of default would prejudice the Plaintiff. "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."[26] Setting aside the default in this case will do no more than that, that is, to

---

[20] *Pelican Renewables 2, LLC*, 325 F.R.D. at 575.
[21] *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).
[22] *One Parcel of Real Prop.*, 763 F.2d at 183.
[23] *In re OCA, Inc.*, 551 F.3d 359, 371 (5th Cir. 2008) (internal quotations omitted) (citation modified).
[24] R. Doc. 29; R. Doc. 21 in Case No. 26-cv-89.
[25] R. Doc. 53.
[26] *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (internal quotations omitted).

require Plaintiff to prove her case against Sheriff Lopinto. Furthermore, the trial in this matter is not set until March 2027. Setting aside the entry of default will not delay the matter. For these reasons, the Court finds that setting aside the entry of default will not prejudice the Plaintiff.

Third, the Court must determine whether a meritorious defense is presented by the Defendant against whom a default has been entered. [27] A defendant's "allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." [28] In this case, Defendant Sheriff Lopinto has proffered several defenses in his memorandum in support of the present Motion and has attached a copy of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) that he intends to file should the entry of default be set aside. [29] These defenses include a failure to allege personal involvement by Sheriff Lopinto, a lack of vicarious liability for a claim brought pursuant to 42 U.S.C. § 1983, and qualified immunity. [30] The Court finds that the Defendant has proffered several defenses that satisfy the requirement of being "meritorious" in the context of setting aside an entry of default. [31]

---

[27] *One Parcel of Real Prop.*, 763 F.2d at 183.

[28] *Side by Side Redevelopment, Inc. v. City of New Orleans*, No. CIV. A. 09-03861, 2010 WL 375237, at *3 (E.D. La. Jan. 25, 2010) (Africk, J.) (citation modified).

[29] R. Doc. 54-1 at p. 4; *see* R. Docs. 54-4 and 54-5.

[30] *Id.*

[31] *See Howard v. United States*, No. CIV. A. 93-1520, 1993 WL 353506, at *3 (E.D. La. Sept. 8, 1993) ("In fact, even broad and conclusory allegations meet the meritorious defense criterion for setting aside an entry of default.").

As an additional factor to consider, the Court notes that Defendant "acted expeditiously to correct the default" by filing the present motion just twelve days after the Clerk of Court entered a default against him.[32]

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Set Aside Default [33] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SET ASIDE** the entry of default.

**IT IS FURTHER ORDERED** that the Clerk of Court send a copy of this Order and Reasons to the Plaintiff by regular mail at her address on record and by email at kristysmith1123@gmail.com. The deadlines in the Scheduling Order, R. Doc. 23,  remain in effect.

New Orleans, Louisiana, July 21, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[32] *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992); R. Doc. 54.
[33] R. Doc. 54.