**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KRISTY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2463**<br>**c/w 26-89** |
| **JEFFERSON PARISH, ET AL.** | **SECTION: D (1)** |

**ORDER AND REASONS**

Before the Court is a Motion to Stay Discovery filed by Defendant Sheriff Joseph Lopinto.[1] Plaintiff Kristy Smith opposes the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court GRANTS the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

This consolidated matter arises from allegations regarding Defendants' alleged treatment of Plaintiff and Plaintiff's children, who attended schools that are part of the Jefferson Parish Public School System.[4] Sheriff Joseph Lopinto, III, was named as a Defendant in each of the matters.[5] In response to Plaintiff's Complaints, Sheriff Lopinto filed Motions to Dismiss each action, invoking the defense of qualified immunity.[6]

---

[1] R. Doc. 59.
[2] R. Doc. 65.
[3] The Court set out the factual and procedural background of this consolidated matter in its prior Order and Reasons regarding Defendant Sheriff Lopinto's Motion to Set Aside Default (R. Doc. 55). The Court incorporates that background here by reference and recites the background only as it relates to the present Motion.
[4] R. Doc. 7; *see also* R. Doc. 1 in Case No. 26-cv-89.
[5] *Id.*
[6] R. Docs. 56 and 58.

Sheriff Lopinto then filed the instant Motion to Stay Discovery.[7] Sheriff Lopinto states that "the jurisprudence of the United States Court of Appeals for the Fifth Circuit establishes that defendants shall not be required to participate in discovery when qualified immunity is asserted in a motion to dismiss" and thus requests that this Court stay discovery until the Court issues an order on his pending Motion to Dismiss.[8] Further, Sheriff Lopinto argues that "this limit on discovery is not confined to the parties asserting the defense of qualified immunity; it extends to all defendants."[9] In summary, Sheriff Lopinto urges that "considering the invocation of qualified immunity, … no defendant herein should be required to participate in the discovery process, and no scheduling deadlines requiring participation in discovery should be imposed, until the qualified immunity issue is decided."[10]

Plaintiff Kristy Smith responds that the Sheriff Lopinto is misapplying Fifth Circuit case law "by attempting to extend an individual immunity defense to shield municipal entities—specifically Sheriff Lopinto in his official capacity and the Jefferson Parish School Board—from producing pre-existing, objective public records."[11] Furthermore, Plaintiff urges that "[s]taying discovery as to the Jefferson Parish School Board and Sheriff Lopinto in his official capacity improperly extends an individual defense to institutional defendants who have no legal right to assert it."[12] Plaintiff contends that the evidence sought consists of "pre-existing, objective

---

[7] R. Doc. 59.
[8] *Id.* at pp. 1-2.
[9] R. Doc. 59-1 at p. 2 (citing *Miller v. LeBlanc*, 2022 WL 17490971 at *4 (M.D. La. Dec. 7, 2022)).
[10] *Id.* at p. 3.
[11] R. Doc. 65 at pp. 1-2.
[12] *Id.* at p. 2.

public records" and that disclosing such files held by the Defendant agencies "imposes zero personal litigation burden on individual deputies and falls outside the intrusive, officer-directed discovery prohibited under" Fifth Circuit law.[13] In the alternative, Plaintiff seeks a limited, tailored production of certain body-worn camera footage and the names and badge numbers of certain law enforcement personnel relevant to the alleged incidents at issue.[14]

## II. LAW AND ANALYSIS

"Trial courts possess broad discretion to supervise discovery."[15] Further, Federal Rule of Civil Procedure 26(c) permits courts to issue an order limiting or prohibiting discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause.[16]

In the present case, Defendant Sheriff Lopinto has raised the defense of qualified immunity in his pre-answer Motions to Dismiss.[17] The Fifth Circuit has emphasized that the defense of qualified immunity "affords government officials not just immunity from liability, but immunity from suit."[18] In *Carswell v. Camp*, the Fifth Circuit clarified that a plaintiff asserting constitutional claims against an officer claiming qualified immunity "must survive the motion to dismiss without *any* discovery."[19] Furthermore, the stay of discovery "is not limited to claims to which the

---

[13] *Id*. at pp. 2-3.
[14] *Id*. at p. 3.
[15] *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 at n. 114 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990).
[16] Fed. R. Civ. P. 26(c).
[17] R. Docs. 56-58.
[18] *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525–26, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)).
[19] 54 F.4th 307, 311 (5th Cir. 2022) (emphasis in original).

defense of qualified immunity is raised."[20] While Plaintiff contends that the evidence sought consists of "pre-existing, objective public records" and such discovery does not burden Sheriff Lopinto,[21] Fifth Circuit jurisprudence expressly precludes any discovery against a defendant who asserts qualified immunity before resolution of the motion asserting the immunity defense.[22] Because binding Fifth Circuit precedent unequivocally forecloses discovery against a defendant who has asserted the defense of qualified immunity regarding a claim asserted against him unless and until a plaintiff's claims survive a motion to dismiss based upon the defendant's assertion of qualified immunity, the Court must stay all discovery relating to any claim asserted against Defendant Sheriff Joseph Lopinto, III.[23]

Sheriff Lopinto also moves to stay discovery against all Defendants in the consolidated action.[24] The Fifth Circuit also noted that the burden of discovery on a defendant asserting qualified immunity would persist if a court allowed discovery to proceed against co-defendants who do not assert qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or

---

[20] *Nevarez v. Coleman*, No. CV 21-1855, 2023 WL 5034645, at *3 (E.D. La. Aug. 8, 2023) (Papillion, J.).
[21] *Id.* at pp. 2-3.
[22] *Carswell*, 54 F.4th at 311.
[23] *Id.* at 312–13 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*.") (citation modified); *see also Cobbins v. Graham*, No. CV 21-155-JWD-EWD, 2022 WL 2663852, at *2 (M.D. La. July 11, 2022) ("*Carswell* conclusively establishes that all discovery must be stayed pending resolution of a qualified immunity defense raised in a motion to dismiss.")
[24] R. Doc. 59-1 at pp. 2-3 (citing *Miller v. LeBlanc*, 2022 WL 17490971 at *4 (M.D. La. Dec. 7, 2022) (staying all discovery in a matter because "there was no practical manner to allow discovery to proceed against a co-defendant that has not raised a defense of qualified immunity without prejudicing the defendants who have raised the defense of qualified immunity")).

> slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.[25]

The Court finds good cause to stay all discovery in this matter until Sheriff Lopinto's Motions to Dismiss are resolved. The Court finds that permitting discovery to proceed against Sheriff Lopinto's Co-Defendants would potentially prejudice and unduly burden Sheriff Lopinto, who currently asserts that he is immune from suit due to qualified immunity.[26]

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery[27] is **GRANTED**.

**IT IS FURTHER ORDERED** that all discovery in the consolidated case is **STAYED** until the Court rules on Sheriff Lopinto's Motions to Dismiss.[28]

New Orleans, Louisiana, September 2, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Carswell*, 54 F.4th at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009)).
[26] *See Nevarez*, 2023 WL 5034645 at *4 (finding "it very unlikely that discovery could proceed in [that] particular action against the remaining Defendants without potentially prejudicing and unduly burdening the Movants."); *see also Tesla, Inc. v. Louisiana Auto. Dealers Ass'n*, No. CV 22-2982, 2025 WL 744151, at *6 (E.D. La. Mar. 7, 2025) ("District courts within the Fifth Circuit interpret *Carswell* to suggests that there are few, if any, situations where discovery even as to co-defendants not raising qualified immunity should be allowed to proceed.") (internal quotations omitted) (citation modified).
[27] R. Doc. 59.
[28] R. Docs. 56 and 58.